US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 23 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENNIE BELL     PLAINTIFF

VS.     CASE NO.: CV-2016- 6052

SALINE COUNTY, ARKANSAS;
BECKY SHUGG, Individually and in her official
capacity as an employee of the Little Rock Police
Department; DETECTIVE EVERETT DAVIS, Individually
and in his official capacity as an employee of the
Saline County Sheriff Department; RODNEY WRIGHT,
Individually and in his official capacity as Saline
County Sheriff; RON FAUPEL, Individually and in his
official capacity as an employee of the State of Arkansas     DEFENDANTS

## COMPLAINT AT LAW

**COMES NOW** the Plaintiff, KENNIE BELL, by and through her attorney, Josh Q Hurst, and for her Complaint at Law against the Defendants, SALINE COUNTY, ARKANSAS; BECKY SHUGG, Individually and in her official capacity as an employee of the Little Rock Police Department; DETECTIVE EVERETT DAVIS, Individually and in his official capacity as an employee of the Saline County Sheriff Department; RODNEY WRIGHT, Individually and in his official capacity as Saline County Sheriff; RON FAUPEL, Individually and in his official capacity as an employee of the State of Arkansas, states and alleges:

I.

### JURISDICTION

1. Jurisdiction in this case is brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction is based upon 28 U.S.C. § 1331 and § 1343(1), (3), (4) and the aforementioned statutory provisions. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

## II.

## PARTIES

3. The Plaintiff, Kennie Bell, is a resident of Hot Springs, Garland County, Arkansas at all times relevant to the allegations of this Complaint.

4. The Separate Defendant, Becky Shugg, is a resident of Pulaski County, Arkansas and is an employee of the Little Rock Police Department.

5. The Separate Defendant, Detective Everett Davis, is a resident of Saline County, Arkansas and is an employee of the Saline County Sheriff Department.

6. The Separate Defendant, Rodney Wright, is a resident of Saline County, Arkansas and is the Sheriff of Saline County, Arkansas.

7. The Separate Defendant, Ron Faupel, is a resident of Pulaski County, Arkansas and is an employee of the State of Arkansas.

8. That the actions set forth herein below occurred exclusively within the confines of Saline County, Arkansas.

## III.

## FACTS

9. That on or about March 11, 2014, the Plaintiff's son, Zachary Griffin was arrested at his home based off statements given to the Saline County Sheriff Department by Emily Ginn Griffin and the aunt of Ms. Griffin, Becky Shugg.

10. The alleged victim, Emily Griffin executed an affidavit and made statements alleging that the Plaintiff's son, Zachary Griffin committed illegal acts towards her including but not limited to false imprisonment.

11. That the original affidavit and/or statements from Ms. Emily Griffin contained no mention of the Plaintiff's name, until on or about March 31, 2014, when the Saline County Sheriff Department issued an arrest warrant for the Plaintiff and took her into custody under said warrant.

12. That detectives with the Saline County Sheriff Department attempted to interrogate the Plaintiff about the facts surrounding her son's arrest, and the Plaintiff denied every attempt by agents of the Saline County Sheriff Department to make any sort of statement regarding her son and/or Ms. Emily Griffin.

13. That Ms. Emily Griffin has a family member in the first degree who is employed by the Little Rock Police Department, named Officer Becky Shugg, and Officer Shugg was directly involved in the procedure to arrest both the Plaintiff and her son.

14. That on or about March 11, 2014, Emily Griffin sent a "text message" to the Plaintiff thanking her for saving her life. That at all times before the Plaintiff was placed under arrest for kidnapping and aggravated assault on a family or household member this message sent from Emily Griffin to the Plaintiff was known by members of the Saline County Sheriff Department as well as the Prosecuting Attorney's Office.

15. That on or about December 10, 2014, the Separate Defendant, Everett Davis engaged in a verbal argument with the Plaintiff and her son about the charges being filed and stated to the Plaintiff and her son "I am creating evidence against you". That immediately after this statement the Plaintiff and Detective Davis continued to engage in a verbal argument where the Plaintiff was questioning Detective Davis's ethics and integrity as a member of the Saline County Sheriff Department for making such statements.

16. That it is the Plaintiff's belief that Separate Defendant, Everett Davis was previously employed by the Little Rock Police Department and has always maintained a relationship with Becky Shugg as friends.

### IV.

### CAUSES OF ACTION

### Count I

### Malicious Prosecution

17. That the Plaintiff was charged and prosecuted for kidnapping and aggravated assault on a family or household member and was prosecuted by the Saline County Prosecuting Attorney's Office, through and by Carrie Robertson.

18. That at all times the Prosecuting Attorney's Office had access and knowledge of the Plaintiff's innocence, and more over lack of evidence to charge her with these crimes.

19. That on or about March 18, 2015, the Saline County Prosecuting Attorney, through Carrie Robertson dismissed the charges against the Plaintiff and dismissed the case against her son, Zachary Griffin.

20. That at no time did the Prosecuting Attorney have probable cause to charge the Plaintiff with these crimes or any crime.

21. The victim, Emily Griffin had even expressed her gratitude toward the Plaintiff well before the Plaintiff was placed under arrest.

22. That the Prosecuting Attorney along with the Separate Defendant, Everett Davis acted in concert with other individuals including Becky Shugg to harass and maliciously prosecute the Plaintiff. That Carrie Robertson and Detective Everett Davis were doing "a favor" for Officer Becky Shugg by arresting and prosecuting the Plaintiff.

23. That the Plaintiff has suffered damages as a result of her arrest.

24. That the Plaintiff is a registered nurse and prior to her arrest for these charges was employed by Saline County Memorial Hospital. That on or about June 19, 2014, Saline Memorial Hospital terminated the Plaintiff's employment due to the sole reason that she was arrested at work for attempted kidnapping and aggravated assault on March 31, 2014.

## Count II

### Abuse of Process

25. That the Plaintiff restates and realleges paragraphs 1 through 22 as if set forth fully herein.

26. That the Saline County Prosecuting Attorney's Office through Carrie Robertson, and with the assistance of the Saline County Sheriff Department by and through the Separate Defendant, Everett Davis, set in motion an Information that was filed against the Plaintiff alleging that she committed

criminal acts of kidnapping and aggravated assault on a family or household member.

27. That at all time prior to and during the prosecution of the Plaintiff the Separate Defendants, Carrie Robertson and Everett Davis knew that the alleged victim, Emily Griffin had made comments and actually sent messages to the Plaintiff thanking her for helping her and for saving her life. These are acts that are clearly contradictory to every statutory element of kidnapping and aggravated assault on a family or household member.

28. That the Separate Defendant, Everett Davis had a personal relationship with the victim, Emily Griffin's aunt, Officer Becky Shugg with the Little Rock Police Department. That the sole reason Detective Everett Davis was involved in this case was due to the fact that he was "doing a favor" for his friend, Becky Shugg and set out a course of conduct which indicates he had a personal vendetta against the Plaintiff and her family.

29. These acts were perverted to accomplish the purpose to simply harass and punish the Plaintiff.

30. That these willful acts were perpetrated in this process of prosecuting the Plaintiff, and under normal circumstances would not have occurred.

31. That due the abuse of process and the perpetrated acts of Detective Everett Davis and Carrie Robertson, the Plaintiff has suffered damages to her reputation, lost wages, and loss of earning capacity.

## Count III

## Outrage

32. That the Plaintiff restates and realleges paragraphs 1 through 29 as if set forth fully herein.

33. That the Separate Defendant, Everett Davis along with Carrie Robertson set out a course of conduct to willfully and wantonly engage in the wrongful prosecution of the Plaintiff for two (2) criminal acts.

34. That all times both the Separate Defendants knew that the Plaintiff had no involvement nor could be proved guilty of either of the crimes she was charged with.

35. That both Separate Defendants had knowledge and possession of statements that the alleged victim in the criminal cases made to the Plaintiff indicating that the victim was thankful to the Plaintiff for saving her life.

36. That due to the actions of the wrongful prosecution and the process of having to go through to procedure of being prosecuted the Plaintiff suffered emotional distress and continues to seek treatment as a result thereof.

37. Moreover, due to the actions of the Separate Defendant, Everett Davis and Carrie Robertson the Plaintiff lost her long time employment and damage to her character and reputation as a registered nurse.

38. That the actions of the Defendants toward the Plaintiff's entire family, specifically, Zachary Griffin were performed solely to defame and humiliate the Plaintiff.

39. That all of the actions of the Defendants toward the Plaintiff were designed to slander her name as well as other members of her family in an attempt to cause harm such as loss of employment, the publishing of her and her son's name to the public surrounding the false allegations of crimes such as Rape, Kidnapping and False Imprisonment.

40. That all of the actions of the Defendants have been designed to cause irreparable harm to the Plaintiff's good name, the good name of her family members and to interfere with her and her family's ability to continue to carry on their normal lives as they had done so prior to the filing of the previous mentioned frivolous charges.

## Count IV

## Arkansas Civil Rights Act

41. That the Plaintiff restates and realleges paragraphs 1 through 35 as if set forth fully herein.

42. The Constitution of the State of Arkansas guarantees the quality of all persons before the law (Article 2 Section 3), protects against depravation of liberty without due process of law (Article 2 Section 8), protects against cruel or unusual punishments (Article 2 Section 9), protects against punishment without trial (Article 2 Section 10) and protects against unreasonable searches and seizures (Article 2 Section 15).

43. The actions of the Defendants, while acting under the color of law of Saline County and the State of Arkansas, constituted a depravation of Plaintiff's

rights and privileges as secured by the Constitution of the State of Arkansas and as defined by A.C.A. § 16-123-105.

44. Upon information and belief, Saline County Sheriff's Department and Saline County Prosecuting Attorney's Office failed to implement or enforce any policy or procedure to prohibit this type of conduct and recklessly failed to adequately supervise the Defendant officers.

45. That as a direct and proximate result of the actions of the Defendants, Plaintiff has suffered extreme emotional distress that no reasonable person should be expected to endure.

46. As a proximate result of the actions of the Defendants, Plaintiff has been damaged in an amount not yet determined, but which would exceed $75,000.00.

47. Plaintiff is entitled to recover all medical expenses incurred and to be compensated for pain and suffering and mental anguish experienced and to be experienced by the Plaintiff as a result of the Defendants' actions, including but not limited to loss of income, retirement benefits, loss of property, any and all monetary/savings accounts, and all other out-of-pocket costs and expenses associated with the above described injuries in an amount exceeding that required for the diversity of citizenship jurisdiction.

48. Further, the conduct of the Defendants constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1983 and State law.

49. Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988 and A.C.A. § 16-118-107 and 16-123-105.

50. That the Plaintiff requests a trial by jury.

**WHEREFORE,** the Plaintiff, KENNIE BELL, requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable costs and attorney's fees associated with the pursuit of this matter;

    d. Trial by jury; and

    e. All other just and proper relief as determined by this Court.

Respectfully submitted,
KENNIE BELL, **Plaintiff**

By:_____
JOSH Q. HURST
Arkansas Bar 2004016
518 Ouachita Ave.
Hot Springs, AR 71901
(501) 623-2565